# CURTIS *et al.* v. BOARD OF COMMISSIONERS OF SE-QUOYAH COUNTY.

No. 2966. Opinion Filed September 11, 1912.

(126 Pac. 719.)

1. **COUNTIES—Bonds—Issuance—Remonstrance.** Section 409, Comp. Laws 1909, contemplates that remonstrances against the issuance of refunding bonds by a county, where the debt to be refunded exceeds the sum of $1,000, shall be heard before the district court. There is no provision of law authorizing such a remonstrance to be heard before the board of county commissioners.

2. **SAME—Review.** Record examined, and held not sufficient to disclose the grounds for a verbal remonstrance to the refunding proceeding, or that the court committed error in overruling the same.

(Syllabus by the Court.)

*Error from District Court, Sequoyah County;*
*J. H. Pitchford, Judge.*

Remonstrance by W. L. Curtis and others against the issuance of bonds by the Board of County Commissioners of Sequoyah County. From a judgment overruling the remonstrance, the remonstrants bring error. Affirmed.

*Curtis & Pitchford,* for plaintiffs in error.

*T. F. Shackleford,* Co. Atty., and *J. B. Allen,* Asst. Co. Atty., for defendant in error.

KANE, J. This controversy arose out of an attempt by Sequoyah county to refund its outstanding warrant indebtedness under article 7 of chapter 8, Comp. Laws 1909, entitled "An act to enable counties, municipal corporations, the boards of education of any city or school districts to refund their indebtedness." It seems that upon the publication of the notice required by section 409 of said statute the plaintiff in error herein, representing various taxpayers, appeared before the board of county commissioners and interposed certain objections to the refunding proceedings, which objections were disregarded by the board of

county commissioners; whereupon the plaintiff in error appealed to the district court. On the day named in the notice, the officers authorized to issue bonds under section 408 of said statute appeared and made proof to the satisfaction of the court of the existence, character, and the amount of the outstanding legal indebtedness of said county; whereupon the court caused to be made upon the records of said court the statement required by section 410, and proceeded to sign each bond to be issued. When the proceedings came on to be heard in the district court, announcement was made in open court that any interested person or persons might appear and protest, remonstrate, or object; whereupon the plaintiff in error W. L. Curtis, purporting to represent certain taxpayers, entered a verbal protest, which was not made a part of the record, in relation to which the journal entry recites:

"All parties desiring to be heard having been heard, and the court having caused proper announcement, in open court, to be made of the right of any interested person or persons to appear and protest, remonstrate, or object, and verbal protest having been made by Attorney W. L. Curtis, purporting to represent certain taxpayers of said Sequoyah county, in which protest this court finds no reason for disallowing the prayer of the petitioners, and there being no just cause or reason known to the court why said bonds should not be signed and a judgment entered of record, in accordance with the prayer of the petitioners, it is by the court considered, ordered, and adjudged," etc.

The record before us contains all the proceedings had before the board of county commissioners, from which the plaintiff in error appealed to the district court, and all the proceedings had in the district court. The proceedings in the nature of protest filed with the county commissioners not having been presented in the district court as a ground of remonstrance, are not properly a part of the record of the refunding proceedings therein. Section 409, *supra*, contemplates that remonstrances to the refunding proceedings shall be had in the district court. There is no provision authorizing such a remonstrance to be heard before the board of county commissioners.

There is nothing in the record sufficient to inform this court of the nature of the verbal remonstrance filed in the district

court. All that appears of record is that counsel entered a verbal protest and cross-examined the officers of the county authorized to issue bonds under article 7, *supra,* who were put upon the stand to make the proof required by that article. Admitting, without deciding, that a verbal remonstrance is permissible, still we are unable to gather from anything that appears upon the face of the record proper, or from the cross-examination of counsel, what the grounds of complaint were. True, the petition in error in this court contains sixteen assignments of error, many of which are argued by counsel in their brief; but there is nothing in the record to indicate that any of the questions raised in this court were presented to the court below by remonstrance or otherwise.

As the notice of the issuance of the bonds and the proceedings before the district court seem to be in all respects regular, the judgment of the court below must be affirmed.

TURNER, C. J., and HAYES and DUNN, JJ., concur; WILLIAMS, J., absent, and not participating.